IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | JUDGE Jack B. Schmetterer |
| Fernan M. Oliva, ) | Chapter 13 |
|     Debtor. ) | Case No. 14-00426 |
| ———————————————— ) | |
| Fernan M. Oliva, ) | |
|     Plaintiff(s), ) | Adversary No. 14-00211 |
| v. ) | |
| Green Tree Servicing, LLC, Citibank, ) | |
| N.A., and Mortgage Electronic ) | |
| Registration Systems, Inc. ) | |
|     Defendant(s). ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

BEFORE THE HONORABLE **JACK B. SCHMETTERER**, BANKRUPTCY JUDGE

On Motion of Plaintiff, the Court now makes and enterers the following findings of fact and conclusions of law supporting the Motion for Default Judgment:

### FINDINGS OF FACTS

1. Plaintiff Fernan Oliva ("Debtor") filed his Petition for relief pursuant to Chapter 13 of U.S.C. Title 11 on January 8, 2014 (the "Petition Date").

2. Plaintiff caused the above captioned adversary proceeding to be filed on March 25, 2014.

3. The Plaintiff holds an ownership interest in the property commonly known as 655 W. Irving Park Rd., Unit 4903, Chicago, Illinois (hereafter "Property").

4. The Property Index Number for the Property is: #14-21-101-047-2556.

5. The fair market value of the Property is $150,000.00 ("Property Value").

6. On May 18, 2005 a mortgage was recorded against the Property by Mortgage Electronic Registration Systems, Inc. ("MERS") as Doc No. 0513853013 ("Senior Lien").

7. On March 14. 2013 MERS assigned its interest in the Senior Lien to Green Tree Servicing, LLC, a Defendant herein.

8. On December 5, 2006 a mortgage was recorded against the Property by Citibank, N.A. as Doc No. 0633910031 ("Junior Lien").

9. Doc No. 0633910031 names MERS as a nominee for Citibank, N.A. and its successors and assigns.

10. The value of the Senior Lien as of the Petition Date is $211,044.35.

11. Service of Summons was executed upon Defendants on March 25, 2014, and all Defendants had until April 24, 2014 to file an answer or otherwise plead.

12. Notice of Plaintiff's Motion was given May 13, 2014 to all Defendants.

13. No Defendant has filed an appearance or answer.

### CONCLUSIONS OF LAW

A. Service of summons of the adversary complaint is proper as to all Defendants.

B. Notice of Plaintiff's Motion for Default Judgment was proper.

C. The pay-off balance of Senior Lien exceeds Property Value.

D. There is no equity in the Property to secure Junior Lien and the Junior Lien is wholly unsecured.

E. The Claim held by Citibank, N.A. is secured by a lien on property in which the estate has an interest and is secured to the extent of the value of such creditor's interest in the estate's interest in such property. See 11 U.S.C. § 506(a).

F. The Debtor may modify the rights of Citibank, N.A. and strip off the Junior Lien. *Waters v. The Money Store (In re Waters)*, 276 B.R. 879 (Bankr. N.D.IL 2002) and the authority cited therein.

G. The Junior Lien secured a claim against the Debtor which is not an allowed secured claim, and the Junior Lien is void upon discharge. See 11 U.S.C. § 506(d).

H. No Defendant has filed an appearance or answer and all Defendants are wholly in default per Federal Rule of Civil Procedure 55, made applicable herein through operation of

Federal Rule of Bankruptcy Procedure 7055.

WHEREFORE, the Court will separately enter a default judgment against all Defendants, stripping off the junior lien of CitiBank, N.A., treating the junior lien claim of CitiBank, N.A. as unsecured, directing CitiBank, N.A. to issue and record a release of its junior mortgage upon the Property once the Debtor receives discharge in his Chapter 13 proceeding, and for such other and further relief as this Court may deem just and equitable.

ENTERED

_____
Jack B. Schmetterer
United States Bankruptcy Judge

This _____ day of June, 2014.

JUN 0 3 2014

Prepared By:
E. Philip Groben
COHEN & KROL
105 West Madison St., Ste. 1100
Chicago, IL 60602